FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

DEC 2 1 2006

~~MARKUS B. ZIMMER, CLERK~~
BY _____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br><br>NINE THOUSAND SIX HUNDRED THIRTY DOLLARS ($9630.00) in United States Currency,<br><br>Defendant,<br><br><br>EDUARDO MOCTEZUMA-SALINAS,<br><br>Claimant. | ORDER DENYING CLAIMANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br><br>Case No.2:05-cv-00334 |

This case requires the court to determine whether the government failed to file a forfeiture complaint within ninety days of the filing of a claim for seized property in accordance with 18 U.S.C. § 983. On November 24, 2004, Claimant Eduardo Moctezuma-Salinas mailed a letter to the Drug Enforcement Agency regarding $9,630.00 seized by the government during a search of a Sandy, Utah, home earlier that year. The government, in a letter dated December 27, 2004, responded that the DEA was unsure of how Moctezuma-Salinas intended to proceed regarding the forfeiture of the $9,630.00. The letter stated that the government would allow Moctezuma-Salinas twenty days from the receipt of the letter to submit a claim if he wished to contest the seizure judicially. On January 12, 2005, Moctezuma-Salinas mailed two letters to the

DEA that included the headings, "Amended Petition for Remission or Mitigation," and

"Amended Claim for Return of Seized Property," respectively. The government received these

letters on January 14, 2005. On April 11, 2005, the government filed a complaint for forfeiture

in this court.

      Moctezuma-Salinas has filed a motion for summary judgment (#20) arguing that the

November letter was a valid claim and the government's April complaint was, therefore, outside

the ninety-day statutory time limit. The government counters that the November correspondence

was not a valid claim, and that Moctezuma-Salinas waived his original correspondence by filing

an "amended claim." The government argues that the filing of the amended claim reset the time

for filing a civil complaint and Moctezuma-Salinas should be estopped from claiming a different

date applies to this proceeding. The court agrees with the government's arguments and holds

that it complied with 18 U.S.C. § 983 when it  filed its complaint on April 11, 2006.

Consequently, the court DENIES Moctezuma-Salinas's motion for summary judgment (#20).

## BACKGROUND

      On April 13, 2004, police searched a home in Sandy, Utah, pursuant to a search warrant.

During the search, the police located $9630.00 in United States currency inside a metal safe

located in a bedroom. A resident of the house said that the money was the property of Eduardo

Moctezuma-Salinas.

      Through his counsel, Moctezuma-Salinas mailed a letter to the DEA on November 24,

2004. In this correspondence, Moctezuma-Salinas states:

> This letter will serve as my request for remission or mitigation of the
> forfeiture of the $9,630 in U.S. currency above referenced. I believe I am justly
> entitled to the mitigation or remission of the $9,630 because it is my money.

> In addition to my petition for remission or mitigation of the $9,630 at issue herein, I am contesting the forfeiture of the seized property. The specific property being claimed is the $9,630 seized in Utah on 4-13-04 in Sandy, Utah. My interest in the seized property is that it is my money.[1]

Moctezuma-Salinas signed the November letter under oath before a notary public of the state of Utah.

The government, in a letter dated December 27, 2004, responded to Moctezuma-Salinas's November letter. Returning Moctezuma-Salinas's correspondence for further clarification, the government stated that it was unsure of how Moctezuma-Salinas intended to proceed regarding the forfeiture of the $9,630.00.[2]  The letter also states:

> If it is [Moctezuma-Salinas's] intention to contest the seizure of this property in U.S. District Court (judicially), he must submit a **valid claim** to this office. The claim need not be made in any particular form. In addition to identifying the property being claimed, the claim must also state the claimant's interest in the property. Furthermore, **the party making the claim must make the claim under oath subject to penalty or perjury**. . . . As a matter of discretion, this office will allow [Moctezuma-Salinas] **twenty (20) days** from the date of your receipt of this letter to submit a claim to this office, if it is [Moctezuma-Salinas's] intention to contest the seizure judicially.
>
> . . . .
>
> **In the alternative,** if your client wishes to request the return of the property through the DEA (administratively), he must submit a Petition for Remission or Mitigation of Forfeiture. For your reference, such a petition is a statement of the facts and circumstances that your client believes justify the return of the property.[3]

On January 12, 2005, counsel for Moctezuma-Salinas sent the DEA two letters. One

---

[1] November Letter from Robert Breeze to DEA (Nov. 24, 2004), Claimant's Mem. Supp. Summ. J. Ex. 1 (Docket no. 22).

[2] December Letter from DEA to Robert Breeze (Dec. 27, 2004), Claimant's Mem. Supp. Summ. J. Ex. 2 (Docket no. 22).

[3] *Id.*

letter contained the heading  "Amended Claim for Return of Seized Property," and the second letter had the heading "Amended Petition for Remission or Mitigation."[4]  In the Amended Claim, Moctezuma-Salinas states: "This letter will serve as my claim for return of the $9,630 in U.S. currency above referenced.  I believe I am justly entitled to the ~~mitigation or remission~~ return . . . of the $9,630 because it is my money."  Moctezuma-Salinas signed both letters with the following written by hand above his signature: "I verify and state under penalty of perjury (perjuria) that the foregoing is true and correct."[5]

The government received the January letters on January 14, 2005.  On April 11, 2005, eighty-seven days after receipt of the January letters, the government filed a complaint for forfeiture in this court.

### STANDARD OF REVIEW

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[6]  In determining the appropriateness of summary judgment, the court must "view the evidence, and draw reasonable inferences therefrom, in the light most favorable to the non-moving party."[7]  However, "[t]he mere existence of a scintilla of evidence in support of the

---

[4]January Letters from Robert Breeze to DEA (Jan. 12, 2005), Claimant's Mem. Supp. Summ. J. Ex. 3 (Docket no. 22).

[5]*Id.*

[6]Fed. R. Civ. P. 56(c).

[7]*Combs v. PriceWaterhouse Coopers, LLP*, 382 F.3d 1196, 1199 (10th Cir. 2004).

plaintiff's position will be insufficient [to overcome a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff."[8]

## DISCUSSION

The court must decide whether it is Moctezuma-Salinas's November letter or January letter that serves as the "claim" for purposes of the ninety-day time period for the government to file a complaint. Moctezuma-Salinas argues that the November letter contained all the statutorily required elements for a claim and, consequently, the ninety-day period should have started to run upon the government's receipt of the November letter. The court is not persuaded by this argument. Moctezuma-Salinas's January letters reset the ninety-day period for the government to file its complaint and estopps Moctezuma-Salinas from claiming that a different date applies to this proceeding.

Under 18 U.S.C. § 983(a)(2)(A), a potential claimant has at least thirty five days after mailing of a personal notice letter in which to file a claim in a non-judicial forfeiture proceeding. The claim shall "(i) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury."[9] Once a claim has been filed, the government has ninety days to file a complaint for forfeiture.[10]

In *United States v. Thompson*, the court deemed a claim invalid because it did "not appear to be made under oath or clearly articulate Defendant's interest and claim in the property, as

---

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[9] 18 U.S.C. § 983(a)(2)(C) (2000 & Supp. 2006).

[10] *Id.* § 983(a)(3)(A).

instructed by the notice and required by law."[11]  Moctezuma-Salinas argues that his November letter to the DEA contained all of the elements listed in the statute and was therefore valid, despite the government's December letter stating that it did not view the November correspondence as a valid claim.  Although the November letter appears to conflate the distinct avenues of a claim and a petition for mitigation or remission, it may be true that the November letter contained the requisite elements for a claim.  Nevertheless, even if the November letter contained the statutorily required elements for a valid claim, Moctezuma-Salinas's January letters – specifically the one entitled "Amended Claim for Return of Seized Property" – reset the ninety-day time period for the government to file its complaint.  The government, in good faith, relied on the Amended Claim and commenced the current action accordingly.

Like our sister court stated in *United States v. $39,480.00 in United States Currency*, forcing the government to release the property "seems inequitable in light of the Government's good faith attempt to comply with section 983."[12]  Also like that court, this court "combines its considerations of the above factors with its strong preference for resolving disputes on the merits when possible, instead of determining the outcome solely on technical or procedural grounds."[13]

Consequently, Moctezuma-Salinas's motion for summary judgment is DENIED (#20).

SO ORDERED.

DATED this 21st day of December, 2006.

BY THE COURT:

---

[11]351 F. Supp. 2d 692, 694 (E.D. Mich. 2005).

[12]190 F. Supp. 2d 929,

[13]*Id.*

Paul G. Cassell
United States District Judge